UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK (SKAT) TAX
REFUND SCHEME LITIGATION

This document relates to All Cases.

MASTER DOCKET

18-md-2865 (LAK)

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE (LETTERS ROGATORY)

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Sarah L. Cave
John T. McGoey
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff SKAT (Customs and Tax Administration of the Kingdom of Denmark)*

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496
  (S.D.N.Y. Mar. 31, 2014) ................................................................................................3

*Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013) ........................................3

*Elliott Assocs. v. Republic of Peru*, No. 96 CIV. 7916 (RWS), 1997 WL 436493
  (S.D.N.Y. Aug. 1, 1997) ..................................................................................................4

*Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433
  (S.D.N.Y. July 25, 2016) .................................................................................................3

*Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769
  (S.D.N.Y. 2012) ............................................................................................................3, 4

*In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244 (S.D.N.Y. 2011) ....................................................4

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of
  Iowa*, 482 U.S. 522 (1987) ..............................................................................................4

**Statutes and Rules**

28 U.S.C. § 1781(b)(2) ...................................................................................................................3

Fed. R. Civ. P. 26 ............................................................................................................................3

Fed. R. Civ. P. 28(b)(1)(B) .............................................................................................................3

**Treatises and Periodical Materials**

David Segal, *Where in the World Is Denmark's $2 Billion?*, N.Y. TIMES (Oct. 8,
  2018).) ..............................................................................................................................2

U.S. Dep't of State, Office of the Legal Advisor, Treaties in Force: A List of
  Treaties and Other International Agreements of the United States in Force on
  January 1, 2012 (2012) ....................................................................................................3

Plaintiff SKAT, the Customs and Tax Administration of the Kingdom of Denmark, respectfully submits this memorandum of law in support of its motion (the "Motion") for the issuance of letters of request to obtain documents and testimony from a witness in Denmark pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"). Proposed letters rogatory are attached as Exhibit 1 to the Declaration of Sarah L. Cave, dated November 30, 2018 ("Cave Decl.").

## PRELIMINARY STATEMENT

Plaintiff SKAT seeks to recover some of the over $2.1 billion that Defendants and others deceived it into paying based on fraudulent claims for refunds of dividend withholding tax. The tax refund fraud scheme first came to SKAT's attention in June 2015 when a whistleblower, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ informed SKAT that certain refund claims made under a treaty between Denmark and Malaysia may have been fraudulent. (Cave Decl. Ex. 3.) During the course of its subsequent investigation, SKAT learned that the scheme involved entities and individuals not just in Malaysia, but also in the United States, Canada, United Kingdom, and Luxembourg.

SKAT now seeks the assistance of this Court in issuing letters rogatory seeking documentary evidence and testimony from the Whistleblower. The Whistleblower's allegations describe the fraudulent scheme that SKAT has pleaded in its complaints. For example, the Whistleblower alleged that the fraud was committed by claimants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Cave Decl. Ex. 3 at 3) and identified a number of individuals and entities

---

1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

involved in the alleged fraud, including ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ both of whom are named as defendants in cases filed in this District.[2] The Whistleblower noted that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[3] (*Id.*)

SKAT now seeks additional information from the Whistleblower about the fraudulent refund claim scheme, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and documents and information in his possession relating to the fraudulent scheme.

The Whistleblower is not a party to this lawsuit, is a citizen of another country, and is not otherwise subject to the jurisdiction of this Court. Thus, it is appropriate for SKAT to seek to obtain evidence under the Hague Evidence Convention. SKAT anticipates bringing additional requests for letters rogatory, but through this Motion, respectfully requests that the Court issue letters rogatory to the courts of Denmark in order to allow it to obtain evidence from the Whistleblower who first drew attention to the Defendants' fraudulent scheme.

---

2. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3. The Whistleblower was not the only person who notified authorities as to the Defendants' fraudulent scheme. It has been publicly reported that Navin Khokhrai, a compliance officer at Solo Capital, submitted a whistleblower letter to Her Majesty's Revenue and Customs stating that Solo Capital had created fictitious client accounts and trading records to facilitate the fraudulent refund claims. (Cave Decl. Ex. 4 (David Segal, *Where in the World Is Denmark's $2 Billion?*, N.Y. TIMES (Oct. 8, 2018), https://www.nytimes.com/2018/10/05/business/denmark-skat-tax-scandal.html.).) Solo Capital served as the purported custodian for many of the Defendants and created the documentation that the Defendants used to support their refund claims. Following Mr. Khokhrai's report, Solo Capital was raided by Britain's National Crime Agency and closed. Solo Capital, along with other entities linked to Sanjay Shah, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, are now in special administration in the United Kingdom. (Cave Decl. Ex. 3 at 3.)

2

## LEGAL STANDARD

Letters rogatory are the means by which a court in one country can formally request that a court in another country lend its judicial assistance in obtaining evidence or performing some other judicial act. *Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 775-76 (S.D.N.Y. 2012). Rule 28(b)(1)(B) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory that enable a U.S. litigant to obtain non-party evidence from a foreign entity. Letters can be sent directly from this Court without transmittal by the State Department. 28 U.S.C. § 1781(b)(2).

In considering an application for issuance of letters rogatory, United States courts apply the discovery principles embodied by Rule 26. The party seeking discovery bears the burden of demonstrating that the evidence sought is relevant. *Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014). "While not 'unlimited, relevance, for purposes of discovery, is an extremely broad concept.'" *Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)). Once relevance is shown, the burden shifts to the party opposing discovery to show that the discovery is improper. *Id.*

## ARGUMENT

### I. LETTERS ROGATORY ARE THE PROPER DISCOVERY DEVICE

The United States and Denmark are both signatories to the Hague Evidence Convention. U.S. Dep't of State, Office of the Legal Advisor, Treaties in Force: A List of Treaties and Other International Agreements of the United States in Force on January 1, 2012 (2012), 398. SKAT seeks evidence from the Whistleblower, an individual located in Denmark, to support its claims against the Defendants in these actions.

3

Recourse to the Hague Evidence Convention is "available whenever [it] will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541 (1987). Letters rogatory are appropriately used to obtain evidence from witnesses who cannot be compelled to appear in a United States court. *See In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 259 (S.D.N.Y. 2011). Where, as here, the witness subject to the defendants' motion is not a party to the lawsuit and is not otherwise subject to the jurisdiction of the U.S. court, it is appropriate to turn to the Hague Evidence Convention. *Elliott Assocs. v. Republic of Peru*, Nos. 96 CIV. 7917 (RWS), 96 CIV. 7916 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997); *Lantheus*, 841 F. Supp. 2d at 782 (S.D.N.Y. 2012) ("parties seek, and U.S. courts will usually issue, letters rogatory where the court otherwise lacks jurisdiction to compel discovery"). "The party opposing the issuance of a letter of request must show some good reason to deny the application." *Elliott*, 1997 WL 436493, at *2.

## II.   SKAT'S REQUESTS ARE RELEVANT TO THE CLAIMS IN THIS ACTION

SKAT seeks documents and testimony from the Whistleblower who first brought the fraudulent scheme to its attention. In June 2015, ███████████████████████, the Whistleblower notified SKAT that certain parties, including two of the Defendants in this MDL, were submitting fraudulent dividend withholding tax refund claims based on a tax treaty between Denmark and Malaysia. (Bradley London Compl. ¶ 6.)[4] The Whistleblower's allegations describe the fraudulent scheme that SKAT has pleaded in its complaints, and specifically identifies as participants in the fraud two of the named Defendants in this proceeding. The

---

4. Unless otherwise indicated, citations to the allegations made in the complaints are to the complaint SKAT filed against The Bradley London Pension Plan and Doston Bradley, No. 1:18-cv-04047-LAK ("Bradley London Compl.").

4

Whistleblower informed SKAT that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ submitted fraudulent claims to SKAT. (Bradley London Compl. ¶ 26.; Complaint at ¶ 26, *SKAT v. Ackview Solo 401K Plan & Sean Driscoll*, No. 1:18-cv--04900-LAK (S.D.N.Y. June 6, 2018); Complaint at ¶ 26, *SKAT v. The Dosmon Bly Pension Plan & Doston Bradley*, No. 1:18-cv-05045-LAK (S.D.N.Y. June 1, 2018.)

The Whistleblower provided information to SKAT that individuals and entities, including defendants in these actions, submitted refund claims through agents, and supported those claims with false documentation. (Bradley London Compl. ¶¶ 4, 5.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Cave Decl. Ex. 3 at 2.) As alleged in the complaints and by the Whistleblower, this information was fraudulent because the claimants applied for refunds ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Cave Decl. Ex. 3 at 3; *see also* Bradley London Compl. ¶ 37.)

In reliance on these fraudulent documents, SKAT made payments to the Payment Agents who then distributed the proceeds to the claimants and other participants in the fraud, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Bradley London Compl. ¶ 45.) In sum, the Whistleblower alleged a scheme that is consistent with the one alleged in the Complaints.

While the information that the Whistleblower initially provided to SKAT was helpful in alerting it to the existence and nature of the fraudulent scheme, it requires additional information to prove its case at trial. SKAT seeks additional information from the Whistleblower about the fraudulent refund scheme, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and documents and information in his possession relating to the fraudulent scheme.

## CONCLUSION

For the reasons set forth above, SKAT respectfully requests that the Court grant its Motion for Issuance of a Request for International Judicial Assistance to Obtain Evidence.

Dated: New York, New York
November 30, 2018

HUGHES HUBBARD & REED LLP

By: /s/ Sarah L. Cave
William R. Maguire
Marc A. Weinstein
Sarah L. Cave
John T. McGoey
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
bill.maguire@hugheshubbard.com
marc.weinstein@hugheshubbard.com
sarah.cave@hugheshubbard.com
john.mcgoey@hugheshubbard.com

*Counsel for Plaintiff SKAT (Customs and Tax Administration of the Kingdom of Denmark)*